UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RECEIVED 2012 MAY 29 PM 4: 52
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH,

　　Plaintiff,

-v-

SUNTRUST BANK, ACS
EDUCATION

　　Defendants

Case No. 6:12-cv-820-ORL-22DAB

**VERIFIED COMPLAINT**

1.

Larry Rumbough

NITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

                                                  Case No. 6:12-cv-820-ORL-22DAB

-v-

SUNTRUST BANK; ACS EDUCATION
SERVICES, INC.,

    Defendants.

## VERIFIED COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendants, SUNTRUST BANK and ACS EDUCATION SERVICES, INC.; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k), and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which does not exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, SUNTRUST BANK ("SunTrust"), is a Georgia corporation, authorized to do business in Florida.

7. Defendant, ACS EDUCATION SERVICES, INC. ("ACS"), is a Delaware corporation, authorized to do business in Florida.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. Plaintiff sent dispute letters to Experian regarding inaccuracies on his credit report reported by SunTrust and/or ACS on June 7, 2007 and October 7, 2007. The details of Plaintiff's disputes are outlined in those letters.

10. Plaintiff sent dispute letters to Trans Union regarding inaccuracies on his credit report reported by SunTrust and/or ACS on June 7, 2007 and October 7, 2007. The details of Plaintiff's disputes are outlined in those letters.

11. ACS, operating on behalf of SunTrust Bank, has reported false information about Plaintiff to credit reporting agencies, including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

12. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

13. ACS did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

14. ACS has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account is in dispute.

15. On January 17, 2009, Plaintiff sent a letter to ACS demanding validation of the alleged debt. The letter was sent by certified mail and received by ACS on January 21, 2009.

16. ACS did not respond to the letter. ACS has continued to attempt to collect an alleged debt from Plaintiff.

17. SunTrust, also known as Crestar Bank, has reported false information about Plaintiff to credit reporting agencies, including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

18. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

19. SunTrust did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

20. SunTrust has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

21. SunTrust did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

22. On January 17, 2009, Plaintiff sent a letter to SunTrust demanding validation of the alleged debt. The letter was sent by certified mail and received by SunTrust on January 22, 2009.

23. SunTrust did not respond to the letter. SunTrust has continued to attempt to collect an alleged debt from Plaintiff.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## BY DEFENDANTS SUNTRUST AND ACS

24. Paragraphs 1 through 23 are realleged as though fully set forth herein.

25. Plaintiff is a consumer within the meaning of §1681a(c).

26. SunTrust and ACS are furnishers of information within the meaning of §1681s-2.

27. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

28. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the

financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

29. SunTrust and ACS violated the FCRA. Defendant's violations include, but are not limited to, the following:
    (a) SunTrust and ACS violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against SunTrust and ACS for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS SUNTRUST AND ACS

30. Paragraphs 1 through 23 are realleged as though fully set forth herein.

31. Plaintiff is a consumer within the meaning of §1692a(3).

32. SunTrust and ACS are debt collectors within the meaning of §1692a(6).

33. SunTrust and ACS violated the FDCPA. Defendant's violations include, but are not limited to, the following:
    (a) SunTrust and ACS violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.
    (b) SunTrust and ACS violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.
    (c) SunTrust and ACS violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
    (d) SunTrust and ACS violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
    (e) SunTrust and ACS violated §1692e(11) by failing to warn that it was a debt collector.
    (f) SunTrust and ACS violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
    (g) SunTrust and ACS violated §1692g by failure to send a validation notice within five days of the initial communication.

(h) SunTrust, and ACS violated §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against SunTrust, and ACS for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS SUNTRUST AND ACS

34. Paragraphs 1 through 23 are realleged as though fully set forth herein.

35. Plaintiff is a consumer within the meaning of §559.55(2).

36. SunTrust and ACS are debt collectors within the meaning of §559.55(6).

37. SunTrust and ACS violated the FCCPA. Defendants' violations include, but are not limited to, the following:
  (a) SunTrust and ACS violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
  (b) SunTrust and ACS violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
  (c) SunTrust and ACS violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against SunTrust and ACS for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## VERIFICATION

All the above statements are true to the best of my knowledge. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Dated: May 29, 2012

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 29th day of May, 2012 by U.S. Mail delivery to:

Joseph E. Foster
Akerman Senterfitt
P.O. Box 231
420 S. Orange Avenue, Suite 1200
Orlando, FL 32802

Karen Cullen
Broussard & Cullen P.A.
445 W. Colonial Drive
Orlando, FL 32804

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859