UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


LARRY RUMBOUGH,

      Plaintiff,

                              Case Number: 6:12-cv-820-Orl-DAB

v.                                  **DISPOSITIVE MOTION**
                                  **Magistrate Judge David A. Baker**


SUNTUST BANK; ACS EDUCATION
SERVICES, INC.,

      Defendants.

_____/


## DEFENDANT, ACS EDUCATION SERVICES, INC.'S, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW

Karen J. Cullen, Esquire
Florida Bar Number: 0106534
Email: karenc@bcdorlando.com
Meredith Barrios, Esquire
Florida Bar Number: 58189
Email: mbarrios@bcdorlando.com
Broussard & Cullen, P.A.
445 West Colonial Drive
Orlando, Florida 32804
Telephone (407) 649-8717
Facsimile: (407) 649-8680
Attorney for the Defendant, ACS
EDUCATION SERVICES, INC.

# TABLE OF CONTENTS

I.      TABLE OF AUTHORITIES…………………………………………………..ii

II.     BACKGROUND……………………………………………………………....1

III.    STANDARD FOR MOTION TO DISMISS………………………………….1

IV.    ARGUMENT……………………………………………………………………2

      A. COUNT I: VIOLATIONS OF FAIR CREDIT REPORTING ACT 15
         U.S.C. §1681…………………………………………………………………2

           1. Violations of 15 U.S.C. §1681s-2(a) do not support a private cause
              of action………………………………………………………………...2

           2. The complaint fails to state a cause of action for violation of
              section 1681s-2(b) because Plaintiff does not allege that ACS was
              noticed of a dispute by a credit reporting agency………………………3

           3. Plaintiff has not alleged that ACS acted willfully or negligently
              and therefore does not state a cause of action……………………….4

      B. COUNT II: VIOLATIONS OF THE FAIR DEBT COLLECTION
         PRACTICES ACT 15 U.S.C. §1692……………………………………...5

           1. Plaintiff's allegations in paragraphs 33(a)-33(f) of his complaint
              should be dismissed for failure to state a claim, because the
              allegations are formulaic recitations of the elements for each cause
              of action………………………………………………………………...5

           2. Paragraph 33(g) of Plaintiff's complaint fails to allege a cause of
              action because the allegations do not constitute a violation of
              section 1691g…………………………………………………………...8

           3. Paragraph 33(h) of Plaintiff's complaints fails to allege a cause of
              action because the allegations do not constitute a violation of
              section 1692g because he fails to allege he sent a letter within 30
              days of receiving notice………………………………………………..9

      C. COUNT III: VIOLATION OF THE FLORIDA CONSUMER
         COLLECITON PRACTICES ACT, FLA. STAT. 559 (PART IV)…..10

           1. Plaintiff fails to state a claim under section 559.72(3), Florida
              Statutes as the conduct alleged does not constitute a violation of
              the section. ………………………………………………………………10

           2. Plaintiff fails to state a claim under section 559.72(6) and (9),
              Florida Statues, as the allegations are mere recitations of the
              elements of the cause of action. ………………………………………11

V.      CONCLUSION.............................................................................................12

VI.    CERTIFICATE OF SERVICE………………………………………………..12

# TABLE OF AUTHORITIES

## Federal Cases

*Aschroft v. Iqbal,*
     556 U.S. 662 (2009) ................................................................................ 6

*Bell Atl. Corp v. Twombly,*
     550 U.S. 544, 570 (2007)....................................................................... 2, 6

*Green v. RBS Nat. Bank,*
     288 Fed. Appx. 641, 642 (11th Cir. 2008)............................................... 2

*Maloy v. Phillips,*
     64 F.3d 607, 608 (11th Cir. 1995) ......................................................... 8

*Peart v. Shippie,*
     345 Fed. Appx. 384, 386 (11th Cir. 2009)........................................... 3, 4

## Federal Statutes

15 U.S.C.
     § 1681 et. seq..........................................................................1, 4, 5
     §1681s-2(a)..............................................................................2, 3
     §1681s-2(b) ............................................................................2, 3, 4
     §1681s-2(b)(1) ...............................................................................3
     §1681s-2(b)(1)(A) ..........................................................................4
     §1681s-2(b)(1)(C) ..........................................................................4
     § 1681n....................................................................................4
     § 1681o....................................................................................4
     § 1692 et. seq.......................................................................1, 6, 8
     § 1692k....................................................................................6
     § 1692e(5).................................................................................6
     § 1692e(8) ................................................................................7
     § 1692e(10) ...............................................................................8
     § 1692f(1) ................................................................................8
     § 1692g(b)...............................................................................8,9

## Florida Statutes

Fla. Stat.
     §559 et. seq.  ................................................................................ 1, 10

§ 559.77……………………………………………………………………..12

§559.72(3) ...................................................................................................... 10, 11

§559.72(6)…………………………………………………………………...11

§559.72(9)…………………………………………………………………...11

Defendant, ACS EDUCATION SERVICES, INC. ("ACS") respectfully submits this Motion to Dismiss with prejudice ("Motion"), the complaint ("Complaint") filed by Larry Rumbough ("Plaintiff") pursuant to Federal Rule of Civil 12(b)(6) with supporting Memorandum of Law.

## I. BACKGROUND

This action is before this Court following the Plaintiff's appeal of an order requiring him to post a bond as a vexious litigant. In the initial action, Plaintiff named thirty-six (36) Defendants, including ACS Education Services, Inc. ("ACS"). On appeal, the Eleventh Circuit required this Court to consider Plaintiff's financial circumstances in determining the required bond. The District Court then ordered the Plaintiff to file a separate action with an individual complaint against each Defendant. Following that order, and the posting of the Court-ordered bond, Plaintiff brings this action against ACS and SunTrust for Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, Fair Debt Collection Practices Act, 15 U.S.C. §1692, and the Florida Consumer Collection Practices Act, Fla. Stat. §559. Complaint ¶1

## II. STANDARD FOR MOTION TO DISMISS

This Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Rule 12(b)(6) mandates dismissal of a complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

While a plaintiff is not required to allege detailed facts to survive a motion to dismiss, he is required to do more than merely allege conclusory statements which set out the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must, at a minimum, give the defendant notice of what the claim is and the grounds upon which it rests. *Id.* This showing requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.*

## III. ARGUMENT

### A. COUNT I: VIOLATIONS OF FAIR CREDIT REPORTING ACT 15 U.S.C. §1681

Count I of Plaintiff's Complaint should be dismissed for failure to state a claim. First, Plaintiff cannot allege a private cause of action for violations of section 1681s-2(a). Second, Plaintiff's factual allegations do not amount to a violation of 1681s-2(b).

#### 1. Violations of 15 U.S.C. §1681s-2(a) do not support a private cause of action.

Section 1681s-2(a) imposes numerous obligations upon persons who furnish consumer credit information to consumer reporting agencies. *See* 15 U.S.C. §1681s-2(a). While furnishers of information may be subjected to penalties for violations of 1681s-2(a), only an appropriate government agency may enforce the provisions of section 1681s-2(a). *See Green v. RBS Nat. Bank*, 288 Fed. Appx. 641, 642 (11th Cir. 2008). As

a result, an individual is barred from bringing a private cause of action for violations of 1681s-2(a). *Id.*

Here, it is not completely clear which requirements of section 1681s-2 Plaintiff alleges ACS violated. However, to the extent Plaintiff alleges violations of section 1681s-2(a), Plaintiff cannot proceed with a private cause of action for such violations. As a result Plaintiff does not state a cause of action for which relief can be granted. The claim should be dismissed.

2. The complaint fails to state a cause of action for violation of section 1681s-2(b) because Plaintiff does not allege that ACS was noticed of a dispute by a credit reporting agency.

Like section 1681s-2(a), section 1681s-2(b) also proscribes duties on furnishers of information who furnish consumer credit information to consumer report agencies. However, the requirements of section 1681s-2(b) are placed on furnishers of information only after the consumer reporting agency notifies the person of a dispute. *See* 15 U.S.C. § 1681s-2(b)(1). Thus, in order to state a cause of action for violations of section 1681s-2(b), a plaintiff must allege that a Consumer Reporting Agency properly noticed the defendant, and thereafter the defendant failed to comply with duties set out in 1681s-2(b). *See Peart v. Shippie*, 345 Fed. Appx. 384, 386 (11th Cir. 2009). Thus, a complaint which fails to allege that a Consumer Reporting Agency properly noticed the defendant of a dispute should be dismissed. *Id.*

Here, Plaintiff alleges that ACS, as a furnisher of information, violated 15 U.S.C. § 1681s-2(b)(1)(A)&(C) by not conducting an investigation and reporting its results to the Consumer Reporting Agency. However, Plaintiff has not alleged that a Consumer Reporting Agency notified ACS of a dispute. To the contrary, Plaintiff alleges that he notified two (2) Credit Reporting Agencies and ACS of his disputes with regard to the completeness or accuracy of information provided to those Consumer Reporting Agencies. As a result, the Complaint fails to allege ACS was obligated to act in accordance with section 1681s-2(b). Thus, Plaintiff has failed to state a cause of action under section 1681s-2. The claim should be dismissed.

3.  Plaintiff has not alleged that ACS acted willfully or negligently and therefore does not state a cause of action

Even if Plaintiff's Complaint sufficiently alleges that ACS violated section 1681s-2(b), Plaintiff still fails to state a claim. Specifically, Plaintiff requests relief for ACS's alleged violations of section 1681s-2(b) under section 1681n and 1681o. Those provisions provide for damages, costs and fees for violations of the section. However, the liability created by section 1681n applies only when the Defendant willfully violated the section. *See* 15 U.S.C. § 1681n. Section 1681o applies only when the Defendant negligently violated the section. *See* 15 U.S.C. § 1681o.

Here, Plaintiff has failed to allege that ACS acted either willfully or negligently. Because relief under sections 1681n and 1681o require an allegation of willful or

negligent violation of the section, Plaintiff still fails to allege a cause of action for which relief can be granted.  The claim should be dismissed.

## B. COUNT II: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692

Plaintiff's Complaint sets out eight (8) provisions of the Fair Debt Collection Practices Act ("FDCPA") which, if violated by ACS would entitle Plaintiff to damages under 15 U.S.C. §1692k.  However, Plaintiff's allegations are merely a replication of the statutory elements constituting a violation, and the Complaint fails to allege what activity, if any, constitutes the violation.  Further, in many of the allegations, Plaintiff fails to allege each element of a violation.  As a result, Claimant fails to allege a claim that entitles him to damages under section 1692k.  For this reason, Count II should be dismissed for failure to state a claim.

> 1. Plaintiff's allegations in paragraphs 33(a)-33(f) of his complaint should be dismissed for failure to state a claim, because the allegations are a formulaic recitation of the elements for each cause of action

In each alleged violation in paragraph 33(a)-(f) the Complaint, Plaintiff asserts mere legal conclusions and/or conclusory statements setting of the elements of a violation.  As discussed *infra*, the mere recitation of elements of a cause of action is not sufficient to survive a motion to dismiss.  Thus, a plaintiff's claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that

it has "nudged [his] claims across the line from conceivable to plausible." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

In *Aschroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court articulated a two-step approach for determining whether a complaint may survive dismissal. First, the court indicated that a district court need not accept legal conclusions in a complaint as true because "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context specific" task where the court must apply its judicial experience and common sense. *Id.* at 1950. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings, that because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.

Here, Plaintiff simply alleges bare legal conclusions when describing how ACS violated section 1692. The deficiencies of each allegation are more particularly described as follows:

**Subparagraph (a)**: Plaintiff states that the Defendant misrepresented the character, amount, or legal status of a debt. However, Plaintiff alleges no facts to support his legal conclusions.

**Subparagraph (b)**: Plaintiff alleges that ACS violated section 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be

taken.   However, Plaintiff does not allege facts constituting threats made by ACS. Similarly, Plaintiff does not allege what type of action ACS allegedly threatened to take and/or whether it was action that could not legally be taken or action that was not intended to be taken.

**Subparagraph (c)**: Plaintiff alleges that ACS communicated or threatened to communicate to a person credit information which was known or which should have been known to be false, including the failure to communicate that a debt is disputed.   Again, Plaintiff does not list what information ACS communicated or threatened to communicate, or whom they communicated the information to.   Additionally, Plaintiff does not make clear whether he is alleging that ACS knew information which it communicated was false, or whether ACS failed to communicate that a debt was disputed.

**Subparagraph (d)**: Plaintiff does not allege what, if any, false representations or deceptive means ACS used to collect a debt or obtain information concerning a customer, when he alleges a violation of section 1692e(8).   Even if Plaintiff's allegation that ACS inaccurately reported the character of debt to a Credit Reporting Agency is taken as true, this does not constitute using a misrepresentation to collect debt or obtain information. Further, Plaintiff does not allege how or when Defendant used such misrepresentation or deceptive means to collect debt or obtain information.

**Subparagraph (e):** Plaintiff alleges that ACS violated section 1692e(10) by failing to warn that it was a debt collector. The Plaintiff does not allege when this occurred or any circumstances surrounding this alleged violation.

**Subparagraph (f):** Plaintiff alleges that ACS violated section 1692f(1) by collecting an amount which was not authorized by the agreement creating debt or permitted by law. Plaintiff, outside of this statement, has not alleged any facts that ACS collected any amount from Plaintiff, let alone the collection of an unauthorized debt. Further, Plaintiff does not state with specificity whether the allegation is that ACS collected debt which was unauthorized by agreement, or whether it is that ACS collected debt not permitted by law.

> 2. Paragraph 33(g) of Plaintiff's complaint fails to allege a cause of action because the actions alleged do not constitute a violation of section 1692g.

In addition to only alleging bare legal conclusions, not all of Plaintiff's allegations constitute a violation of section 1692. For example, in subparagraph 33(g), Plaintiff states that ACS violated section 1692g by not sending a validation notice within five (5) days of the initial communication. This notice is only required by statute, however, where validation notice information was not included in the initial communication. *See Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995).

Plaintiff does not allege that Defendant failed to include notice in the initial communication. Further, Plaintiff does not allege what communication and subsequent failure to send validation notice constitutes this violation, and when such communication

occurred.  Moreover, Plaintiff does not allege whether the communication was a mailing or a phone call or otherwise.  As a result, Plaintiff fails to state a claim upon which relief can be granted.

3.  <u>Paragraph 33(h) of Plaintiff's complaint fails to allege a cause of action because the actions alleged do not constitute a violation of section 1692g because he fails to allege he sent a letter within 30 days of receiving notice.</u>

Plaintiff's allegations under subparagraph 33(h) are also insufficient to state a claim.  In subparagraph (h) Plaintiff alleges that ACS violated section 1692g(b).  That section requires a debt collector to cease collection efforts if within thirty (30) days of the sending of a validation notice, it receives, in writing, a dispute from the consumer.

Plaintiff alleges that he sent a letter disputing the debt, did not receive validation of the debt, and thereafter ACS continued to attempt to collect the debt.  Plaintiff does not allege, however, that he sent the letter within thirty (30) days of receiving validation notice.  Therefore the Plaintiff does not allege that his dispute was timely, thus invoking ACS's duty to cease collection efforts.

In sum, each of Plaintiff's claims under this count amount to mere recitation of the elements establishing the cause of action.  The majority of the claims claim a violation without alleging even the basic factual support for the legal conclusion.  As a result, the allegations in Count II are not supported by factual allegations which raise the right to relief beyond a speculative level, and therefore fail to state a claim upon which relief can be granted.

## C. <u>COUNT III: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. 559 (PART IV)</u>

Plaintiff's claims under the Florida Consumer Collection Practices Act ("FCCPA") should be dismissed for failure to state a claim, as Plaintiff does not support the recitation of the elements of the cause of action with facts that establish those elements.  Additionally, with regard to the alleged violation of Florida Statutes, section 559.72(3), Plaintiff's legal conclusions, when taken as true, do not constitute a violation of the FCCPA.  Therefore, Plaintiff fails to state a claim on which relief can be granted.

1. <u>Plaintiff fails to state a claim under section 559.72(3), Florida Statutes as the conduct alleged does not constitute a violation of the section.</u>

Section 559.72 prohibits furnishers of information from telling a debtor that it will disclose information about a debt to third party without also telling the debtor that they will also disclose that the debt was in dispute.  Plaintiff first alleges that ACS violated Section 559.72(3), by "not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed."  Plaintiff's allegation does not constitute a violation of section 559.72(3), which prohibits ACS from telling the Plaintiff the very thing that Plaintiff alleges ACS failed to tell him.  Therefore, the conduct which is alleged by Plaintiff does not constitute a violation of the FCCPA.

2. <u>Plaintiff fails to state a claim under section 559.72(6) and (9),
Florida Statutes, as the allegations are mere recitations of the
elements of the cause of action.</u>

Plaintiff next alleges a violation of section 559.72(6), stating that ACS disclosed

information concerning the existence of a debt known to be reasonably disputed by the

debtor, without disclosing that fact. Plaintiff does not make clear who ACS allegedly

disclosed information to. Further, outside this allegation, Plaintiff never disputes the

*existence* of a debt, but rather only disputes the nature of the debt. Further, because it is

not clear who ACS allegedly disclosed information to, ACS cannot determine whether

they also disclosed the dispute to that person.

Plaintiff finally alleges that ACS violated section 559.72(9) by "claiming,

attempting or threatening to enforce a debt when such persons knew that the debt was not

legitimate." Plaintiff does not make clear what actions taken by ACS are grounds for this

violation. Further, Plaintiff fails to allege that ACS knew the debt was not legitimate

(distinguishable from whether the debt was disputed).

In sum, of Plaintiffs three (3) allegations that ACS violated the FCCPA, one, taken

as true, does not violate the FCCPA, and all three (3) lack specificity. Plaintiff's

allegations are merely recitation (or attempted recitation for §559.72(3)) of the statutory

elements for violation. Even if it is established that ACS engaged in the conduct which

constitutes the Plaintiff's allegation with regard to section 559.72(3), that conduct is not a

violation of the FCCPA, and therefore the Plaintiff would fail to recover. Additionally,

Plaintiff's Complaint does not provide ACS with the grounds for which he is basing the

claims. Further, Plaintiff's allegations of violation under this count fail to set out all the necessary elements of a violation. For these reasons, the Complaint should be dismissed for failure to state a claim upon which relief can be granted as to Count III.

Plaintiff does not allege any damages and is therefore entitled only to statutory damages for any violation. The Complaint fails to raise a justiciable issue of law or fact with regard to Count III, and ACS moves for court costs and reasonable attorney's fees incurred in the defense of this claim from the Plaintiff. Fla. Stat. § 559.77.

## V. CONCLUSION

In conclusion, Plaintiff Complaint wholly lacks factual support for the causes of action alleged. Instead, Plaintiff merely sets out the statutory elements of each cause of action. Further, many of Plaintiff's allegations fail to constitute a violation upon which a cause of action may proceed. Plaintiff's Complaint fails to state any claim for which this Court can grant relief, and therefore the Complaint should be dismissed.

WHEREFORE, Defendant, ACS EDUCATION SERVICES, INC., respectfully requests that this Court dismiss all claims against ACS EDUCATION SERVICES, INC., on those grounds stated above.

## VI. CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Motion to Dismiss for Failure to Prosecute Action was filed with the Clerk of the Court

using the CM/ECF System on August $\underline{22}$, 2012, which will send a Notice of Electronic Filing to counsel of record and Plaintiff, Larry Rumbough, *Pro Se*.

Karen J. Cullen, Esquire
Florida Bar Number: 0106534
Email: karenc@bcdorlando.com
Meredith Barrios, Esquire
Florida Bar Number: 58189
Email: mbarrios@bcdorlando.com
Broussard & Cullen, P.A.
445 West Colonial Drive
Orlando, Florida 32804
Telephone (407) 649-8717
Facsimile: (407) 649-8680
Attorney for the Defendant, ACS
EDUCATION SERVICES, INC.

Page 13